UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME HUMBERTO VADILLO ARANDA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 1:26-cv-02962-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 5) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 5), which the court converted to a motion for preliminary injunction (*see* Doc. No. 7), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count Two of the petition (Doc. No. 1 at 13–16). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the

1

merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On April 21, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for a preliminary injunction and habeas petition. (Doc. No. 7.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On April 23, 2026, Respondents filed their opposition to Petitioner's habeas petition and motion for a preliminary injunction in which they oppose Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but do not otherwise acknowledge the cases cited in the court's April 21, 2026 order. (Doc. No. 8.) Respondents further do not indicate any opposition to the court ruling directly on the petition. (*Id.*) Petitioner opted not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on the habeas petition and motion for a preliminary injunction.

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for a preliminary injunction (Doc. No. 5) and petition for writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in

/////
/////
/////
/////
/////
/////

2

the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order, converted to a motion for a preliminary injunction (Doc. No. 5) are GRANTED as follows:

a.    Petitioner Jaime Humberto Vadillo Aranda (A-209-405-117) shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on November 13, 2025. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b.    If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

c.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2.    The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde

---

[1]  Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count Two.

Detention Facility; and

3.   The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **April 28, 2026**

Dena Coggins
United States District Judge